UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION No. 2:16-00112-01

**BRYAN LEE PALMER**

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Bryan Lee Palmer's ("Palmer") Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 17), filed December 18, 2020.

Palmer filed a supplemental memorandum in support of his motion (ECF No. 21) on February 18, 2021.  The government filed a response in opposition (ECF No. 22) on February 19, 2021, and Palmer filed a Reply on March 5, 2021.

### I. Background

On June 22, 2016, Palmer pled guilty to an information charging him with possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  ECF No. 7; ECF No. 1.

On October 12, 2016, this court sentenced Palmer to 121 months imprisonment followed by 3 years of supervised release.  ECF No. 11.

According to the Federal Bureau of Prisons ("BOP"), Palmer's projected release date is February 12, 2025.  Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/(last visited August 1, 2022).  He is currently incarcerated at FCI Forrest City Low.  Id.

Palmer's motion asks the court to grant compassionate release based on concerns stemming from the COVID-19 pandemic. By counsel, Palmer pleads that he is at risk of serious illness or death should he contract COVID-19, due to his underlying medical conditions of hypertension, allergies, and asthma.  ECF No. 17; ECF No. 19; ECF No. 23.

## II.  Legal Standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence.  18 U.S.C. § 3582(c).  In December 2018, however, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances.  First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[1] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has clarified that at the current time there are no "applicable policy statements issued by the Sentencing Commission." See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). Accordingly, the court is not limited by an enumerated list of reasons that warrant relief and "enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

### III. Analysis

With regard to claims that compassionate release is warranted due to the COVID-19 pandemic, courts have found "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at

---

[1] Palmer attached evidence of his exhaustion to his motion for compassionate release. See ECF No. 17-9, ECF No. 17-10; ECF No. 17-11; ECF No 17-12.

his prison facility." United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); see United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical conditions increase that individual's risk of experiencing a serious or even fatal, case of COVID-19.").

Here, the court notes that the only evidence Palmer has provided of his proffered conditions is a summary from Charleston Asthma & Allergy Center regarding a December 17, 2015 office visit.  ECF No. 17-13.  This record indicates that Palmer was seen for issues related to allergies and chronic rhinitis and includes a self-report of high blood pressure.  On the basis of this record alone, the court cannot reasonably find that Palmer is at an increased risk of experiencing serious illness or death, should he contract COVID-19.

However, even if the court were to conclude that Palmer's has medical conditions that increase his risk of experiencing serious illness should he contract COVID-19, the court finds that Palmer has failed to establish that he has a particularized risk of contracting COVID-19 at his prison facility.

4

As of August 1, 2022, the Bureau of Prisons reports that there are 4 confirmed open cases of COVID-19 amongst inmates and 6 case amongst staff at FCI Forrest City Low. COVID-19 Cases, BOP, https://www.bop.gov/coronavirus (last visited August 1, 2022).

Current CDC data indicates that 94.85 percent of counties in the United States are classified as having high rates of community transmission.  See COVID Data Tracker, CDC, https://covid.cdc.gov/covid-data-tracker/#trends_dailycases (last visited August 1, 2022).  Given the widespread presence of COVID-19 outside the prison system, the court simply cannot find that Palmer is more likely to contract COVID-19 at his prison facility than he would if released.

Accordingly, Palmer has failed to establish extraordinary and compelling reasons that warrant compassionate release based on concerns arising from the COVID-19 pandemic.

To the extent Palmer has asserted that compassionate release is appropriate based on his medical conditions, the court finds that Palmer's has not pled that the Bureau of Prisons has failed to provide him with adequate medical care, nor has he proffered that his illnesses are so serious that he is unable to provide self-care while incarcerated.  Accordingly, the court concludes that Palmer's medical conditions, as pled,

are not so extraordinary and compelling as to warrant compassionate release.

Inasmuch as the court finds that release is not warranted under § 3582(c), the court does not address whether release would be consistent with the factors set forth in § 3553(a).

## IV.  Conclusion

In light of the forgoing, the court ORDERS that Palmer's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 17) be, and it hereby is, denied.

The Clerk is directed to transmit copies of this order to the defendant and all counsel of record.

ENTER: August 2, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge